UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

| | | |
|---|---|---|
| DARRELL EUGENE FOGARTY, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 5:11-CV-236-KKC |
| | ) | Consolidated with 5:11-CV-245-KKC |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| DEBORAH A. HICKEY, Warden, | ) | **AND** |
| | ) | **ORDER** |
| Respondent. | ) | |

** ** ** ** **

Darrell Eugene Fogarty ("Fogarty"), an individual currently incarcerated in the Federal Medical Center in Lexington, Kentucky ("FMC-Lexington"), has filed a *pro se* Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241. Fogarty having been granted pauper status [R. 6], this matter is before the court for initial screening and on Fogarty's "Petition for Commutation of Sentence" [R. 14], which will also be addressed herein.

A.    **Fogarty's habeas petition**

The Court reviews the § 2241 petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed thereto that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing 28 U.S.C. § 2254 Cases; (applicable to § 2241 petitions under Rule 1(b)). *See*, *e.g.*, *Patton v. Fenton*, 491 F.Supp. 156, 158-59 (M.D. Pa.1979)*; see also* 28 U.S.C. § 2243. The Court may summarily dismiss a petition if it appears from its face that the petitioner is not entitled to relief. *See* 28 U.S.C. § 2243; *Blevins v. Lamanna*, 23 F. Appx. 216, 218 (6th Cir. 2001); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970). For the reasons stated below,

Fogarty is not entitled to relief under § 2241.  His habeas petition will be denied and this action will be dismissed.  The rationale for this decision is set out below.

## CLAIMS

This § 2241 petition concerns Fogarty's underlying criminal conviction in the United States District Court for the Western District of Virginia, Abingdon Division, in Case No. 2:04-cr-00004-001.  Fogarty seems to claim that that conviction violated his constitutional right against double jeopardy; however, he provides no information to support his double jeopardy claim, such as a prior conviction for offenses that were the same or similar to the offenses for which he was convicted in the underlying criminal action in the Western District of Virginia in 2006.

### Fogarty's Underlying Criminal Conviction

In an indictment returned by a federal grand jury on November 4, 2004, Fogarty and three co-defendants were indicted in a three-count indictment in the United States District Court for the Western District of Virginia, Abingdon Division, in Case No. 2:04-cr-00004.  Fogarty was charged in all three counts.  Count 1 charged that he knowingly used and carried, during and in relation to, and possessed in furtherance of a drug trafficking crime, a firearm, in violation of 18 U.S.C. § 924(c)(1); Count 2 charged him with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and (3), and with being a principal and an aider and abettor with his co-defendants, in violation of 18 U.S.C. § 2; and Count 3 charged Fogarty and his co-defendants, as principals and aiders and abettors, knowingly possessed a stolen firearm, which had been transported in interstate or foreign commerce before it was stolen, knowing and having reasonable cause to believe that it was stolen, in violation of 18 U.S.C. §§ 2 and 922(j).

2

Initially, Fogarty pled not guilty to these charges and was scheduled for trial. However, prior to trial, Fogarty entered into a Plea Agreement with the United States and agreed to plead guilty to Counts 1 and 2 of the indictment. Fogarty was sentenced on March 23, 2006, and received an 84-month sentence of imprisonment on Count 2 and a consecutive 60-month sentence on Count 1, for a total sentence of 144 months, to be followed by a five-year term of supervised release.[1] In keeping with the Plea Agreement, at the conclusion of the sentencing hearing, the court dismissed Count 3 of the indictment.[2] Fogarty did not appeal his conviction or sentence.

Assuming Fogarty is claiming that his underlying conviction in the Western District of Virginia in 2006 violated his right against double jeopardy, he must seek that relief from the trial court, the Western District of Virginia. For this reason, Fogarty's § 2241 petition will be denied, and this action will be dismissed.

### 28 U.S.C. § 2255 Remedy

Based on a broad construction of Fogarty's § 2241 petition, he appears to be asserting a double jeopardy claim. If such a claim were legitimate, Fogarty's conviction and sentence would be unlawful. 28 U.S.C. § 2255, as opposed to § 2241, provides the primary avenue of relief for federal prisoners claiming the right to release as a result of an unlawful sentence. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (citing 28 U.S.C. § 2255(a). It is the mechanism for collaterally challenging errors that occurred "at or prior to sentencing." *Eaves v. United States*, No.

---

[1] Per the BOP's website, www.bop.gov, the Inmate Locator feature reflects that Fogarty's projected release date is October 24, 2015.

[2] This Court has access to Fogarty's underlying criminal docket sheet through the Public Electronic Access to Public Records ("PACER") database website. PACER compiles information concerning criminal and civil actions filed in all federal courts.

4:10-cv-00036, 2010 WL at 3283018 at * 6 (E.D. Tenn., August 17, 2010).  § 2255 provides, in relevant part, as follows:

### § 2255. Federal custody; remedies on motion attacking sentence

(a)     A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court *which imposed the sentence to vacate, set aside or correct the sentence.* (emphasis added).

28 U.S.C. § 2255(a).

Even if persuaded that Fogarty's underlying conviction violated his double jeopardy rights, this Court, being a sister court of the Western District of Virginia, is unauthorized to grant him any relief.  Only the trial court which imposed his sentence, *viz.*, the United States District Court for the Western District of Virginia, or the United States Court of Appeals for the Fourth  Circuit, or the United States Supreme Court, has the authority to dismiss the underlying indictment and order his release from confinement.  Thus, Fogarty should have filed a motion in the trial court, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct sentence, requesting the same relief made in the present § 2241 habeas petition, since this Court cannot grant him any relief.

### § 2255's Savings Clause

The "savings clause" of § 2255 permits relief under § 2241 if § 2255 is "inadequate or ineffective to test the legality of the detention."  *Terrell*, 564 F.3d at 447; *Witham v. United States*, 355 F.3d 501, 505 (6th Cir. 2004)); *see* 28 U.S.C. § 2255(e).  A federal prisoner may not challenge his conviction and sentence under § 2241 "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief."

4

*See* 28 U.S.C. § 2255(e).  He must prove that his § 2255 remedy is inadequate or ineffective to challenge the legality of his detention.  *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999); *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003).

At this juncture, Fogarty has not established that his remedy under § 2255 is "inadequate or ineffective" to obtain the relief he seeks.  The docket sheet of Fogarty's underlying criminal action reflects that he has not filed a motion to vacate sentence under 28 U.S.C. § 2255.

A movant can also implicate the savings clause when he alleges "actual innocence," *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003);  *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003), which requires "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. at 623-24; *Hilliard v. United States*, 157 F.3d 444, 450 (6th Cir. 1998); *Reyes-Requena v. United States*, 243 F.3d 893, 903-04 (5th Cir. 2001).  The movant must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent of the crime." *Murray v. Carrier*, 477 U.S. 478, 496 (1986).  However, Fogarty does not claim that he is "actually innocent" of the charged offenses; he simply appears to claim that his conviction violated his rights against double jeopardy.

**B.     Fogarty's "Petition for Commutation of Sentence"**

On February 29, 2012, Fogarty, *pro se*, filed a 6-page form captioned "Petition for Commutation of Sentence" concerning the sentence he is presently serving. In this petition, he makes two requests: for a reduction of prison sentence and compassionate release.  As grounds for his request for clemency, Fogarty cites a host of health conditions and issues.[3]

---

[3] Per the BOP's website, www.bop.gov, the Inmate Locator feature reflects that Fogarty is presently 38 years old.

5

This petition for commutation of sentence is addressed not to the court but to the President of the United States.  Because there is no certificate of service attached to this petition, it is unclear whether Fogarty has presented the President of the United States with this petition, since that is the person to whom it is addressed, and simply provided this court with a courtesy copy thereof, or whether Fogarty simply filed this petition in this court with no notice to the President of the United States.

Regardless, for the same reasons stated earlier, this Court, being a sister court to Fogarty's trial court, the Western District of Virginia, is not authorized to grant Fogarty clemency and commute his sentence.  If Fogarty has not already done so, he may consider presenting a Petition for Commutation of Sentence to the President of the United States.[4]

## CONCLUSION

Because Fogarty has neither established that his remedy under § 2255 is "inadequate or ineffective" nor shown that he is actually innocent of the charges of which he was convicted or that a retroactively applicable Supreme Court decision affords him relief, the savings clause of § 2255 does not apply.  Fogarty's § 2241 petition will be denied, Fogarty's "Petition for Commutation of Sentence" will be denied, and this action will be dismissed.

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1)     Darrell Fogarty's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus [D.E. #2], is **DENIED**;

---

[4] Additionally, Fogarty's trial court would have jurisdiction to consider a motion by the BOP for his compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A), based on his medical condition.  The procedures that must be followed for such a course of action are set out in 28 C.F.R. §§ 571.60 - 571.64.

6

(2)       Darrell Fogarty's "Petition for Commutation of Sentence" [D.E. #14] is **DENIED**

**WITHOUT PREJUDICE** to his right to present to the President of the United States.

(3)       This action is **DISMISSED**, *sua sponte*, without prejudice; and,

(4)       Judgment will be entered contemporaneously with this Memorandum

Opinion and Order in favor of the Respondent, Deborah A. Hickey, Warden.

(5)       The Clerk of the Court is directed to provide a courtesy copy of this  Memorandum

Opinion and Order to the United States Court of Appeals for the Sixth Circuit in reference to Sixth

Circuit Case No. 12-5366.

Dated this 12th day of April, 2012.

**Signed By:**

**_Karen K. Caldwell_**

**United States District Judge**